Order, Supreme Court, Bronx County (Geoffrey Wright, J.), entered August 31, 2009, which denied plaintiffs motion for partial summary judgment, unanimously reversed, on the law and the facts, without costs, to grant the motion and direct entry of judgment in favor of plaintiff on liability based upon the unseaworthiness claim.
Plaintiff was a deckhand on the ferryboat Michael Cosgrove, owned and operated by defendant City. He was injured while lowering a ramp, called a “bridge,” from the terminal dock to *926 the back deck of the ferry. The ramp was connected to pulley systems, known as “chain falls.” Each chain fall consisted of an upper pulley system, or block, and a lower block. One chain fall was connected to each lateral side of the ramp, with the chain falls suspended from the overhead gallows beam by means of a single piece of wire rope. The accident occurred when, as plaintiff was lowering the ramp, the operating chain and the load chain in the pulley system became twisted around one another. As he was untwisting the chains, the lower block spun and struck plaintiff in the hand.
The motion court denied plaintiffs motion for partial summary judgment, finding that the competing experts’ affidavits had raised an issue of fact as to whether the chain fall equipment was seaworthy and whether plaintiff was comparatively negligent. Specifically, the motion court noted that the experts disagreed as to whether defendant should have used antirotational wire rope to hang the chain falls. However, plaintiffs expert identified two “primary causes” of the spinning of the chain fall which injured plaintiff. In addition to the failure to use antirotational wire rope, he also opined that “it was a bad practice and a failure to use due care to suspend the system from one wire to begin with.” This was not addressed by the defense expert or otherwise controverted by defendants, and accordingly plaintiff was entitled to judgment on liability based upon defendant’s breach of its duty to furnish a seaworthy vessel and appurtenances “reasonably fit for their intended use” (Mitchell v Trawler Racer, Inc., 362 US 539, 550 [I960]; see also Barias v United States, 279 F Supp 2d 201 [SD NY 2003]).
Nor did defendant raise any triable issue of comparative negligence. The record shows that plaintiff was performing his duties in an appropriate manner when he was injured. While defendant’s expert noted that the accident would not have occurred but for the fact that the chain fall was bearing the weight of the bridge when plaintiff attempted to untwist it, the expert did not indicate that plaintiff acted unreasonably, and there is absolutely no evidence in this record that plaintiff should not have tried to untwist the wires while the chain fall was bearing weight. Defendant, in opposition to plaintiffs motion for summary judgment, submitted a “Troubleshooting Guide” for the chain fall system. The guide states that where the chain is twisted, the unit is not to be operated or serious damage will result. The guide’s remedy for untwisting the chain does not caution against doing so while there is weight on the chains, and in fact, is silent on this issue. Moreover, defendant’s own safety officer, when asked at his deposition whether there was *927 any suggestion by him or anyone else that plaintiff did anything wrong on the day of his accident, responded in the negative.
Accordingly, plaintiff is entitled to judgment in his favor on liability. Concur—Mazzarelli, J.E, Friedman, DeGrasse, AbdusSalaam and Manzanet-Daniels, JJ.